UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ALI POORSINA,<br><br>        Plaintiff,<br><br>    v.<br><br>NEW PENN FINANCIAL, LLC, et al.,<br><br>        Defendants. | Case No. 21-cv-05001-LB<br><br>**ORDER DISMISSING CASE**<br><br>Re: ECF No. 18 |

## INTRODUCTION

This is the third lawsuit involving the foreclosure of the plaintiff's house at 1563 28th Avenue in San Francisco. The first was an interpleader case, *In re: 1563 28th Avenue, San Francisco, CA 94112*, No. 19-cv-01385-LB (N.D. Cal.), where the court distributed funds to creditors from the foreclosure sale, and the second was the plaintiff's lawsuit against two creditors, *Poorsina v. Law Offices*, No. 21-cv-05488-LB (N.D. Cal.).[1] The plaintiff has represented himself in the three cases. In this case, he sued defendants New Penn Financial and Bank of New York Mellon, alleging that they mishandled his loan application, causing the default and foreclosure.[2] The defendants moved to

---

[1] Orders, No. 19-cv-01385-LB – ECF Nos. 167, 183, 190, & 2d04; Order, No. 21-cv-05488-LB – ECF No. 34. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl. – ECF No. 1.

ORDER – No. 21-cv-05001-LB

dismiss the lawsuit on the ground that the relevant statutes of limitations bar all claims.[3] The court can decide this matter without oral argument, N.D. Cal. Civ. L.R. 7-1(b), and grants the motion.

## STATEMENT

On October 25, 2017, just a few weeks after the foreclosure, the plaintiff sued Bank of New York Mellon (and others) in state court, alleging the mishandling of his loan modification during the period between October 1, 2021, and September 2014, and raising claims of wrongful foreclosure, declaratory relief, fraud, and quiet title. The defendants demurred, and before the trial court issued an order, the plaintiff dismissed the complaint without prejudice.[4]

On June 29, 2021, he filed this lawsuit, again challenging how Bank of New York Mellon handled his loan modification and adding New Penn Financial (doing business as Shellpoint) as a defendant. He acquired the now-foreclosed property at 1563 28th Avenue in May 2005, took on a mortgage, and applied in 2014 to Shellpoint for a loan modification. Shellpoint denied the loan modification on December 6, 2016, allegedly because it used faulty software that miscalculated the net present value of the home. The plaintiff defaulted on the loan the next day, and ultimately, creditors foreclosed on it.[5] The claims are breach of contract (predicated on the defendants' alleged failure to give adequate notice of mitigation options such as a loan modification), breach of contract (same, but based on his status as a third-party beneficiary of the defendants' agreement with Fannie Mae and Freddie Mac), negligence, wrongful foreclosure, unjust enrichment, fraudulent concealment, defamation (predicated on statements that the defendants made to credit-reporting agencies), and a violation of California's Unfair Competition Law (UCL).[6]

---

[3] Mot. – ECF No. 18.

[4] Compl., *Poorsina v. Bank of New York Mellon*, No. CGC-17-562130, Ex. A to Req. for Judicial Notice – ECF No. 18-1 at 5; Mem. in Support of Dem., Ex. C to *id.* – ECF No. 18-1 at 118–25; Dismissal, Ex. B to *id.* – ECF No. 18-1 at 115. The court judicially notices the documents. Fed. R. Evid. 201(b)(2); *Lee v. City of Los Angeles*, 250 F.3d 688, 689–90 (9th Cir. 2001).

[5] Compl. – ECF No. 1 at 1–2 (¶¶ 2–3), 4 (¶¶ 24, 28, 29–31), 8 (¶ 65); Letters from Shellpoint, Ex. A to *id.* – ECF No. 1 at 22–23.

[6] Compl. – ECF No. 1 at 5–13 (¶¶ 37–121).

The defendants moved to dismiss all claims as barred by the relevant statutes of limitations.[7] All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[8] The court has diversity jurisdiction over the lawsuit: the parties are diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

## GOVERNING LAW

### 1. Rules 12(b)(6) and 9(b)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations, which when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

Rule 9(b) provides: "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This means that "[a]verments of

---

[7] Mot. – ECF No. 18.

[8] Consents – ECF Nos. 5, 9.

ORDER – No. 21-cv-05001-LB    3

fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

## 2. Statutes of Limitations

In diversity actions, a federal court applies the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). State statutes of limitations and related tolling rules are substantive law for purposes of the *Erie* doctrine. *Guaranty Tr. Co. of N.Y. v. York*, 326 U.S. 99, 110–11 (1945); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751–52 (1980); *Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011) (a district court sitting in diversity applies state statutes of limitations and state tolling rules).

If the facts in the complaint, and in any documents that can be judicially noticed, establish that claims are barred by the statute of limitations, then the court can consider the issue at the pleadings stage. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Hernandez v. Sutter W. Cap.*, No. 09-cv-03658-CRB, 2010 WL 3385046, at *2 (N.D. Cal. Aug. 26, 2010). On the other hand, a motion for summary judgment is the proper procedure to evaluate the expiration of the statute of limitations when the inquiry turns on disputed facts. For example, the equitable-tolling doctrine generally is not amenable to resolution in a motion to dismiss under Rule 12(b)(6). *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995). "In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* at 1207.

In determining the applicable statute of limitations, the court considers the nature of the right, not the label that the plaintiff attaches to his claim. *Davies v. Krasna*, 14 Cal. 3d 502, 515 (1975).

The relevant statutes of limitations are as follows: (1) breach of contract: four years (Cal. Civ. Proc. Code § 337; *Ruppert Sales & Eng'g v. Amphenol Corp.*, No. 16-cv-01044-NC, 2016 WL 9211682, at *2 (N.D. Cal. Aug. 29, 2016)); (2) negligence: two years (Cal. Civ. Proc. Code § 335.1; *Blankenship v. Allstate Ins. Co.*, 186 Cal. App. 4th 87, 98 (2010)); (3) wrongful foreclosure: three years (Cal. Civ. Proc. Code § 338; *Engstrom v. Kallins*, (1996) 49 Cal. App. e781–82 fn. 8 (Cal. Ct. App. 1996)); (4) unjust enrichment: two years (Cal. Civ. Proc. Code § 339(1); *Wu v. Sunrider Corp.*, 793 F. App'x 507, 510 (9th Cir. 2019)); (5) fraud: three years (Cal. Code Civ. Proc. § 338(d); *Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1166–67 (N.D. Cal. 2011)); (6) defamation: one year (Cal. Civ. Proc. Code § 340(c); *Penrose Hill, Ltd. v. Mabray*, 479 F. Supp. 3d 840, 850 (N.D. Cal. 2020)); and (8) UCL: four years (Cal. Bus. & Prof. Code § 17208).

## ANALYSIS

The claims are barred by the statutes of limitations. The last wrongful conduct alleged in the complaint occurred on December 7, 2016, when the defendants denied the loan modification based on an alleged glitch in their software. The plaintiff filed the lawsuit over four years later, after all the statutes of limitations had expired.

In his opposition, the plaintiff argued only that a three-year statute of limitations applies (characterizing his claim as fraud or mistake) and alleged that events during his 2017 state-court foreclosure proceedings extend the accrual date for his claims.[9] The events in 2017 are not related to the defendants' conduct and do not affect the accrual of the fraud claim. Even if they did, the plaintiff filed this lawsuit more than three years after the 2017 events. Moreover, nothing suggests any concealment or other grounds for tolling the three-year statute of limitations. Even if, as the

---

[9] Opp'n – ECF No. 20-1 at 8–9.

plaintiff alleges, the defendants concealed their faulty software and miscalculation of the net present value of his home, a home's valuation is a fact that a plaintiff can ascertain.[10]

No facts can cure the deficiencies. The dismissal is with prejudice.

## CONCLUSION

The court dismisses the complaint with prejudice. This resolves ECF No. 18.

**IT IS SO ORDERED.**

Dated: December 2, 2021

LAUREL BEELER
United States Magistrate Judge

---

[10] Compl. – ECF No. 1 at 10–11 (¶¶ 89–92).